IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

      Plaintiff,                                    No. 2:10-cv-3156 MCE KJN PS

      v.

HILLARY RANDOM CLINTON
and JAMES STEINBERG,

      Defendants.                           ORDER

_____/

      Presently before the court are two motions filed by plaintiff: (1) a "'Motion to add newly discovery Exhibit'. 'Exhibit #4A' Correctly."; and (2) a "'Motion to add newly discovery Exhibit'. 'Exhibit *#5*.'"  (Dkt. Nos. 32, 34.)  Plaintiff previously filed four similar "motions," and the undersigned denied those motions as procedurally and substantively defective.  (See Order, Apr. 7, 2011, Dkt. No. 33; see also Dkt. Nos. 28-31.)  The pending "motions" suffer from the same defects as those motions already denied by the court.

////

////

////

////

////

1

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "motions" to add new discovery exhibits (Dkt. Nos. 32, 34) are denied.

2. Plaintiff is directed not to file any similar such motions in the future, unless he can find some substantive basis for such motions and a procedural basis for filing such motions, as provided in the Federal Rules of Civil Procedure and the court's Local Rules. Any future motions of this sort will be summarily denied. Plaintiff is reminded that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

failure to comply with any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

        IT IS SO ORDERED.

DATED: April 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3