IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

    Plaintiff,

v.

HILLARY RANDOM [*sic*] CLINTON
and JAMES STEINBERG,

    Defendants.

No. 2:10-cv-3156 MCE KJN PS

ORDER

Presently before the court is defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a) and 10(b) and, alternatively, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[1] The court heard this matter on its law and motion calendar on June 16, 2011. (Minutes, Dkt. No. 53.) Assistant United States Attorney Bobbie J. Montoya appeared on behalf of defendants. Plaintiff, who is proceeding without counsel and in forma pauperis, appeared on his own behalf. The undersigned has considered the briefs, oral arguments, and the appropriate portions of the record in this case and, for the reasons stated below, grants defendants' motion to dismiss and motion for more definite statement and orders plaintiff to file a first amended complaint that more clearly alleges

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff's claims and otherwise conforms to this order, the requirements of the Federal Rules of Civil Procedure, and the court's Local Rules.

I.  BACKGROUND

Plaintiff filed his complaint on November 22, 2010.[2] (Compl., Dkt. No. 1.) The complaint is a meandering, single-spaced, six-page collection of allegations that is in many respects unintelligible due to a lack of focus and organization. In addition to the six pages that comprise the complaint, the complaint attaches over 120 pages of exhibits.

Although plaintiff's complaint is rather difficult to understand, the undersigned has attempted to distill the following facts or claims from it. Plaintiff generally alleges that the "State Department discriminated against 'Peter Graves' 'Rasoul Rahinmi' in the application process in gaining a 'Foreign Affairs Officer' Position." (Compl. at 1.) In terms of plaintiff's discrimination claims, plaintiff alleges that "the State Department discriminated against him, because of his disability, ethnicity, religion association, and national origin." (Id.) He further alleges that "the State Department violated multiple Civil Rights laws and ADA laws, including taking 'Peter Graves' 1-st Amendment, 14th Amendment rights."[3] (Id.)

At the outset, the undersigned notes that plaintiff sued United States Secretary of

---

[2] Plaintiff can be fairly characterized as a frequent filer of lawsuits in this court. During the period of November 4, 2010, through May 16, 2011, plaintiff filed 14 actions in this court. (See Graves v. Holder, No. 2:10-cv-02970 WBS EFB PS (E.D. Cal.); Graves v. Berrien, No. 2:10-cv-03015 MCE EFB PS (TEMP) (E.D. Cal.); Graves v. Clinton, No. 2:10-cv-03106 JAM DAD PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03128 JAM KJN PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03156 MCE KJN PS (E.D. Cal.); Graves v. Donahoe, No. 2:11-cv-00329 MCE EFB PS (E.D. Cal.); Graves v. Visek, No. 2:11-cv-00367 JAM GGH PS (E.D. Cal.) (closed); Graves v. Sebelius, No. 2:11-cv-00453 MCE EFB PS (E.D. Cal.); Graves v. Dept' of Health & Human Servs., No. 2:11-cv-01077 JAM GGH PS (E.D. Cal.); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01078 JAM CMK PS (TEMP) (E.D. Cal.) (closed); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01119 KJM KJN PS (E.D. Cal.); Graves v. U.S. Dep't of Health & Human Servs., No. 2:11-cv-01120 KJM KJN PS (E.D. Cal.); Graves v. UC Davis, No. 2:11-cv-01164 KJM KJN PS (E.D. Cal.); Graves v. Mendez, 2:11-cv-01316 KJM EFB PS (TEMP) (E.D. Cal.).

[3] Plaintiff's reference to the "ADA laws" is an apparent reference to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.

State Hillary Clinton and James Steinberg. It appears that plaintiff sued Secretary of State Clinton in her capacity as the head of the U.S. Department of State ("State Department") in connection with plaintiff's potential claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").[4] However, plaintiff's complaint does not allege who defendant Steinberg is or what role Steinberg played in the events that gave rise to plaintiff's claims. At the hearing, plaintiff clarified that Steinberg is or was the deputy director of the State Department, who is or was allegedly responsible for setting personnel policies.

In terms of discernable, factual allegations in plaintiff's complaint, plaintiff alleges that he applied for a position as a "Foreign Affairs Officer" with the State Department and that he did not obtain that position because of alleged discrimination.[5] (See Compl. at 1; see also id. at 3 ("The Plaintiff (Peter Graves) asserts that he would have been in the top three candidate positions in the 'Foreign Affairs Officer' position if he had not been discriminated by the State Department.").) Plaintiff's claims arise from alleged deficiencies and discrimination in the application process.

First, plaintiff alleges that the application process involved some form of testing or examination that resulted in a point-based score. (See Compl. at 1-2.) Plaintiff alleges that the State Department's failure to "provide 'space' for disability scoring" resulted in plaintiff obtaining a lower score than he should have and also violated plaintiff's "Civil and ADA rights." (See id. at 2 (stating that plaintiff believes "that not providing space for disability points on the exam is in violation of [plaintiff's] Civil and ADA rights"); see also id. at 1 ("If the Defendant had provided 'space' for disability scoring like all employers do so that disabled individuals can

---

[4] "Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'" Vinieratos v. United States, Dep't of Air Force, 939 F.2d 762, 772 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-16(c); accord White v. Gen. Servs. Admin., 652 F.2d 913, 916 n.4 (9th Cir. 1981).

[5] Plaintiff clarified at the hearing that he was not already an employee of the State Department when he sought a position as a Foreign Affairs Officer.

3

1 'compete' fairly I too would have been eligible for the job."); id. at 3 ("The plaintiff contains that
2 the application provided no space for disability points that resulted for him to score lower to
3 other competitive candidates."); id. at 5 (alleging that plaintiff would have scored "in the top
4 three positions with disability points").) Plaintiff stated at the hearing that he should have been
5 given a "five percent" increase in his score to accommodate for disability-based points. Plaintiff
6 asserts that "[a]ll applications need to have disability points on them to satisfy ADA, Civil, and
7 14 Amendment rights." (Id. at 2.)

   Second, plaintiff alleges that the application process did not accommodate for "'on the ground' expertise." (See Compl. at 1-2.) Plaintiff asserts that "[a]ll applications need to be relevant to 'on the ground' conditions so people can compete fairly." (Id. at 2.) It is not at all clear what plaintiff means to convey by this allegation, but plaintiff alleges that "[i]n conjunction with this I plan to prove that before May 2009 the defendant never hired or hired a few disabled people or Muslim background within the 'Foreign Affairs Officer' because it discriminates." (Id. at 2.)

   Third, plaintiff appears to allege that the application process was discriminatory because the State Department favors veterans over persons with disabilities in that process. (See Compl. at 2 (alleging that plaintiff "believes that the 'Defendant' uses veterans as a means to promote a conduct of 'separate but equal' system for different sort of candidates"); see also id. (stating that "from my viewpoint the State Department tried to argue that administrating an exam without disability points is a legitimate practice as long as they favor veterans"); id. at 5 ("The State Department discounted my application in favor of another group of people veterans.").)

   Fourth, plaintiff alleges that "he was forced to provide his original name on the application," and that this resulted in discrimination against him "because of his ethnicity and religious association." (Compl. at 3.)

   Fifth, plaintiff alleges that "the exam was designed not to include people with 'Muslim backgrounds' even though the information was needed in the conduct of the exam, such

4

as examining 'newspaper article' in the context of job duties." (Compl. at 3.) It is unclear what plaintiff intends to convey through this allegation.

Although not all aspects of the relief sought by plaintiff are clear or intelligible, it appears that plaintiff seeks the following relief. First, plaintiff requests the remedies requested in his "EEOC Case." (Compl. at 4.) Second, he requests back pay from "Grade 12," including enumerated benefits. (See id.) Third, plaintiff requests "[a] job that is equivalent to Grade 12 in the United States preferably in the Washington D.C. that I would have been hired if I had not been discriminated against by the Defendant that has passed probationary period." (Id.) Fourth, plaintiff requests "[a]n acknowledgment that he was discriminated against by the H.R. at Department of State and an apology." (Id.) Fifth, plaintiff seeks "[a]n explanation from the 'Department of State' to prevent future discrimination against people with Middle Eastern Origins." (Id.) It is not clear what the nature of this requested explanation would be. Sixth, plaintiff requests that "[a]ll Iraq Civilian Position(s) and Foreign Affairs Officers positions receive 'quotas' based upon federal equal employment opportunity law for Middle Eastern origin in D.C. and Iraq." (Id.) Again, it is not entirely clear what plaintiff seeks in terms of a quota system. Seventh, plaintiff requests that "[a]ll Foreign Affairs Officers positions meet disability quota and all examinations include 'disability points.'" (Id. at 4-5.)

Plaintiff alleges that he filed an action with the Equal Employment Opportunity Commission ("EEOC") prior to filing this action. (See Compl. at 1 & Ex. 5 (Decision, Sept. 30, 2010, EEOC No. 570-2010-00301X ("EEOC Decision")).) An administrative order entered in the EEOC case reflects that plaintiff alleged violations of Title VII and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq., before the EEOC. (EEOC Decision at 1.) It appears from that order that the administrative law judge ("ALJ") granted summary judgment in favor of the agency on the grounds that the agency had legitimate non-discriminatory reasons for not selecting plaintiff for an interview or further considering his application in that there were numerous other applicants who scored higher than plaintiff based on self-assessment questions and veterans

5

preference points. (Id. at 3-4.) The ALJ also concluded that plaintiff failed to show a pretext on the part of the agency that would withstand summary judgment. (Id. at 4.)

Plaintiff subsequently filed this action. Defendants filed the instant motion on April 26, 2011. Plaintiff filed two written oppositions and a declaration that are largely unhelpful. (Dkt. Nos. 40, 42, 48.) With his second, 118-page opposition brief, plaintiff included eight different "versions" of his complaint, which vary in terms of formatting; plaintiff asserted that he is amenable to the court selecting one of these versions to serve as a more definite statement of plaintiff's claims. The court declines this request and, instead, orders plaintiff to file a single amended complaint that conforms with this order, the Federal Rules of Civil Procedure, and the court's Local Rules.[6]

II. DISCUSSION

In regards to defendants' motion to dismiss, defendants do not presently contend that plaintiff's complaint fails to state a claim on which relief can be granted or that this court actually lacks subject matter jurisdiction over plaintiff's claims. Rather, defendants argue that plaintiff's complaint does not adhere to formatting requirements of Federal Rules of Civil Procedure 8 and 10, and this court's Local Rule 130. Specifically, defendants contend that:

> The complaint is defective because (1) the narrative is not delineated by paragraph numbers or separated by meaningful headings that clearly identify each specific claim that is being asserted, as required by Fed. R. Civ. P. 10(b); (2) there is no statement of the grounds for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1); (3) it does not include a short and plain statement of plaintiff's claims showing that he is entitled to relief, as required by Fed. R. Civ. P. 8(a)(2); (4) it is not on paper bearing numbered lines in the left margin, as required by E.D. Cal. R. 130(b); and (5) it is not double-spaced, as required by E.D. Cal. R. 130(c).

(Defs.' Memo. of P. & A. in Support of Mot. to Dismiss & for More Definite Statement at 3.)

---

[6] At the close of the hearing, plaintiff represented that he had already shown a proposed amended complaint to Ms. Montoya and that with some additional edits, defendants's concerns about plaintiff's pleading might be alleviated to a large degree. The undersigned appreciates Ms. Montoya's willingness to work with plaintiff in an effort to more efficiently move this case along, and always appreciates when parties cooperate.

Defendants' arguments are well-taken in most respects. Plaintiff did not employ paragraph numbers or meaningful headers in his complaint. See Fed. R. Civ. P. 10(b).[7] Additionally, there are no allegations regarding the court's subject matter jurisdiction, see Fed. R. Civ. P. 8(a)(1),[8] although it is readily apparent from the complaint that this court has federal question jurisdiction over plaintiff's potential Title VII, Rehabilitation Act, and ADA claims, as well as any constitutional claim premised on the First and Fourteenth Amendments to the U.S. Constitution. See 28 U.S.C. § 1331. Furthermore, plaintiff did not use lined paper or double-space his text, which violates Local Rules 130 (b) and 130(c).[9] The court grants defendants' motion to dismiss as a result of these failures and orders plaintiff to file a first amended complaint that remedies these deficiencies.

The court does not grant defendants' motion to dismiss to the extent it is premised on the argument that plaintiff failed to include a short and plain statement of his claims showing that plaintiff is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Defendants are not expressly moving to dismiss pursuant to Rule 12(b)(6) and do not suggest that plaintiff has not alleged a prima facie claim under Title VII, the ADA, or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). It appears that defendants simply cannot discern what plaintiff's precise claims are and which factual allegations support which claims; defendants understandably would prefer to respond to a more clearly pled complaint. This concern is better

---

[7] In relevant part, Federal Rule of Civil Procedure 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."

[8] In relevant part, Federal Rule of Civil Procedure 8(a)(1) provides that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction."

[9] In relevant part, Local Rule 130(c) provides that all documents presented for filing or lodging with the court shall be submitted on paper "with numbered lines in the left margin." Local Rule 130(c) provides, in part, that "[d]ocuments shall be double-spaced except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property."

addressed by defendants' motion for a more definite statement.

In regards to a motion for a more definite statement, Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response."). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191.

In affirming a district's court's order striking a plaintiff's complaint after granting a Rule 12(e) motion, a panel of the Ninth Circuit Court of Appeals summarized the ills of confusing or vague complaints as follows:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . .

> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996); see also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (addressing dismissals for overly lengthy complaints and stating that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations").

Plaintiff's complaint falls within the class of complaints described by the Ninth Circuit Court of Appeals in McHenry. The undersigned has spent a great amount of time reviewing and outlining plaintiff's complaint in an effort to make sense of it and is admittedly still confused about many aspects of plaintiff's complaint. Accordingly, the undersigned grants defendants' motion for a more definite statement and orders plaintiff to file a first amended complaint that more clearly alleges the claims at issue and the factual allegations that support those claims. Plaintiff must also more clearly state what relief he is seeking through this action.

Based on the granting of the motion to dismiss and motion for more definite statement, the court orders plaintiff to file a first amended complaint that:

1. Is pled through text that is double-spaced, see Local Rule 130(c);

2. Is pled on paper that bears line numbers in the left margin, see Local Rule 130(b);

3. Pleads plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," see Fed. R. Civ. P. 10(b);

4. Uses clear headings to delineate each claim alleged (e.g., Title VII, ADA, Bivens, etc.) and against which defendant or defendants the claim is alleged, see Fed. R. Civ. P. 10(b);

5. Pleads clear facts that support each claim under each header; and

6. Contains a short and plain statement of the grounds for the court's

jurisdiction, see Fed. R. Civ. P. 8(a)(1).

*Plaintiff's first amended complaint must otherwise conform to the requirements of the Federal Rules of Civil Procedure and the court's Local Rules.*

III.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1.     Defendants' motions to dismiss and for a more definite statement (see Dkt. No. 38) are granted.  Plaintiff's complaint is dismissed, but plaintiff is granted leave to file a first amended complaint that conforms to the requirements of this order, the Federal Rules of Civil Procedure, and the court's Local Rules.

2.     Within 30 days of the date of entry of this order, plaintiff shall file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint."  Plaintiff must file an original and one copy of the First Amended Complaint.  Failure to timely file a first amended complaint in accordance with this order may result in a recommendation that this action be dismissed.  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

IT IS SO ORDERED.

DATED:  June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE