1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER GRAVES,

11             Plaintiff,                          No. 2:10-cv-3156 MCE KJN PS

12        v.

13   HILLARY RANDOM [*sic*] CLINTON
     and JAMES STEINBERG,
14
               Defendants.                         ORDER
15   _____/

16            On August 25, 2011, this matter came before the undersigned for a status (pretrial

17   scheduling) conference.[1]  (Minutes, Aug. 25, 2011, Dkt. No. 65.)  Additionally, defendants'

18   motion to dismiss and motion for summary judgment (Dkt. No. 59) is presently scheduled for a

19   hearing to take place on September 29, 2011.  Despite the filing of a potentially dispositive

20   motion by defendants, the undersigned left the status conference on calendar largely for

21   plaintiff's benefit; the undersigned intended to provide plaintiff with guidance regarding the need

22   for plaintiff to follow the court's local rules and the Federal Rules of Civil Procedure in opposing

23

24

25            [1]  This action proceeds before the undersigned pursuant to Eastern District of California

26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                   1

1    defendants' motion.  However, plaintiff failed to appear at the scheduling conference.[2]  Assistant

2    United States Attorney Bobbie J. Montoya appeared on behalf of defendants.[3]

3             At this time, the undersigned does not enter a scheduling order in this case.

4    Instead, the case will be scheduled after resolution of defendants' motion to dismiss and motion

5    for summary judgment.  This order addresses several issues that the undersigned intended to

6    address at the status conference, including the provision of guidance and rules that shall govern

7    plaintiff's opposition to defendants' motion to dismiss and motion for summary judgment.

8             Before turning to plaintiff's opposition to defendants' motion to dismiss and

9    motion for summary judgment, the undersigned briefly addresses plaintiff's one-paragraph

10   motion entitled "'Motion to Definite Statement in the Context of the Status Report' that involves

11   three dispositive motions and motion to enforce the already status report," which plaintiff filed

12   on August 11, 2011.  (Dkt. No. 64.)  As the undersigned stated at the status conference,

13   plaintiff's "motion" is denied.  Aside from the fact that plaintiff did not properly notice his

14   motion in accordance with the court's Local Rules, plaintiff has presented no legal basis for the

15   relief he seeks, i.e., to "enforce" a joint status report in some manner.  Even if there were a legal

16   basis to enforce a joint status report, it is entirely unclear what aspect of the joint status report

17   plaintiff seeks to enforce.  Accordingly, plaintiff's motion is denied.

18            In regards to defendants' pending motion to dismiss and motion for summary

19   judgment, plaintiff shall conform to the following rules and procedures in addition to those

20   provided in the court's Local Rules and the Federal Rules of Civil Procedure.  First, plaintiff

21   _____

22        [2]  The court called this matter first on its 10:00 a.m. calendar.  Because of plaintiff's
     failure to appear, the undersigned trailed this matter to the end of a long law and motion calendar.
23   Plaintiff still had not appeared at the time the matter was recalled at approximately 11:35 a.m.
     Plaintiff's failure to appear violates this court's Local Rule 240(a).

24        [3]  At the status conference, defendants' counsel informed the court that she recently
     received an e-mail from plaintiff in another case involving plaintiff and the federal government
25   in which plaintiff stated to defendants' counsel that plaintiff would "see her in court."  Although
     defendants' counsel presumed that plaintiff was referring to the August 25, 2011 status
26   conference, plaintiff did not appear.

shall file *only one written opposition* to defendants' motion, and that opposition must be filed no later than September 15, 2011.  Plaintiff's failure to file a single, timely written opposition will result in a recommendation that plaintiff's case be dismissed with prejudice, *and shall also constitute plaintiff's consent to the dismissal*.  Any documents filed by plaintiff after September 15th that are addressed to defendants' pending motions will be summarily disregarded.  Second, the text of plaintiff's written opposition *shall not exceed 25 pages in length*.  Third, the text of plaintiff's written opposition shall be *typed in 12-point font* and shall be *double-spaced on lined pleading paper*.  Fourth, plaintiff may not include any argument in any exhibits appended to plaintiff's written opposition.  Fifth, because plaintiff has a habit of simply dumping voluminous exhibits on defendants's counsel and the court, plaintiff is required to authenticate through an affidavit or declaration signed under penalty of perjury *each and every exhibit* that he files and relies on in opposition to defendants' motions.  Sixth, plaintiff must also explain the relevance of *each and every exhibit* he files and relies on in opposition to defendants' motions.  If plaintiff fails to follow *any* of these procedures or otherwise fails to follow the court's Local Rules and the Federal Rules of Civil Procedure, the undersigned will recommend that plaintiff's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Local Rules 110 and 183(a).  Moreover, any document filed by plaintiff that the court construes as an attempt to file more than one written opposition shall be summarily disregarded by the court and may result in a recommendation that plaintiff's case be dismissed with prejudice.

        Additionally, plaintiff's prior filings suggest that he wishes to conduct discovery in this case prior to the court's resolution of the pending motion for summary judgment.  But plaintiff has not filed a motion to seek discovery pursuant to Federal Rule of Civil Procedure 56(d).  Any such motion must be included in the single written opposition to be filed by plaintiff.  Furthermore, any such motion shall strictly conform to Rule 56(d), and plaintiff must specifically and clearly identify what discovery he wishes to conduct and why he believes that such discovery is *essential* to justify plaintiff's opposition to the motion for summary

1   judgment.

2           The undersigned also briefly addresses a matter that arose at the status conference.

3   Defendants' counsel represented to the court that plaintiff recently transmitted materials to

4   defendants' counsel that plaintiff reportedly described as part of written opposition to

5   defendants' pending motions.  Defendants' counsel represented that the materials total 139

6   pages, and that plaintiff informed defendants' counsel that these materials are *part one of six*

7   *total parts*.  Plaintiff has not yet filed these 139 pages with the court.  If plaintiff files these

8   material with the court, they will be summarily disregarded and not considered at all.  If plaintiff

9   files parts two through five with the court, those parts will be summarily disregarded and not

10  considered at all.  Again, in opposing defendants' motions, plaintiff must conform to the court's

11  Local Rules, the Federal Rules of Civil Procedure, and this order.

12          Finally, the undersigned notes that plaintiff has repeatedly filed inappropriate and

13  procedurally defective documents with the court, consisting of "letters," procedurally improper

14  motions and requests, purported "discovery," prolix and confusing opposition briefs, etc.

15  Regardless of whether plaintiff intends to harass defendants, their counsel, and the court through

16  these filings, harassment has been the effect of plaintiff's behavior.  To date, the undersigned has

17  been extremely lenient with plaintiff.  However, plaintiff continues to file these sorts of

18  documents despite being plainly warned, at a prior hearing and in prior orders, that his continued

19  failure to follow the court's Local Rules, the Federal Rules of Civil Procedure, and the court's

20  orders would result in the imposition of sanctions, *including the involuntary dismissal of his case*

21  *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and

22  183(a).  (See Order, Jan. 21, 2011, Dkt. No. 7; Order, Apr. 11, 2011, Dkt. No. 35.)  The

23  undersigned again cautions plaintiff that his failure to follow the court's orders, the Local Rules,

24  and the Federal Rules of Civil Procedure will result in the imposition of sanctions, *which very*

25  *well might include a recommendation that his case be dismissed with prejudice*.  Plaintiff is

26  reminded that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

4

1  comply with these Rules or with any order of the Court may be grounds for imposition by the

2  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

3  Court."  Moreover, Eastern District Local Rule 183(a) provides:

4          Any individual representing himself or herself without an attorney is
        bound by the Federal Rules of Civil or Criminal Procedure, these Rules,

5          and all other applicable law.  All obligations placed on "counsel" by these
        Rules apply to individuals appearing in propria persona.  Failure to comply

6          therewith may be ground for dismissal . . . or any other sanction
        appropriate under these Rules.

7

8  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

9  same rules of procedure that govern other litigants.").  Case law is in accord that a district court

10  may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

11  Rule of Civil Procedure 41(b), where that plaintiff fails to comply with the court's orders, the

12  Federal Rules of Civil Procedure, or the court's local rules.  See Hells Canyon Preservation

13  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

14  an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

15  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

16  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

17  proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

18  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

19  failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782

20  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

21  control their dockets and may impose sanctions including dismissal).

22        For the foregoing reasons, IT IS HEREBY ORDERED:

23        1.    Plaintiff's "'Motion to Definite Statement in the Context of the Status

24  Report' that involves three dispositive motions and motion to enforce the already status report"

25  (Dkt. No. 64) is denied.

26        2.    On or before September 15, 2011, plaintiff shall file only one written

1  opposition or statement of non-opposition to defendants' motion to dismiss and motion for

2  summary judgment.  If plaintiff files a written opposition, it must conform to the court's Local

3  Rules, the Federal Rules of Civil Procedure, and the rules set forth in this order.  *Plaintiff's*

4  *failure to file a written opposition, or his failure to file a written opposition that conforms to the*

5  *court's Local Rules, the Federal Rules of Civil Procedure, and the rules set forth in this order,*

6  *will be deemed grounds for dismissal of this case and plaintiff's consent to the granting of the*

7  *motions.  As discussed in length above, plaintiff's failure to properly oppose defendants' motions*

8  *shall constitute grounds for the imposition of appropriate sanctions, including a*

9  *recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to*

10  *Federal Rule of Civil Procedure 41(b) and this court's Local Rules.*

11                IT IS SO ORDERED.

12  DATED:  August 26, 2011

13

14

15  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26